**James Lenwood STEVENSON, Petitioner—Appellant,**

v.

**A. LAMARQUE, Warden, Respondent— Appellee.**

**No. 05–15633.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Charles Gretsch, Attorney at Law, Vancouver, WA, for Petitioner—Appellant.

No Appearance for Respondent—Appellee.

** The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

Before: RYMER and WARDLAW, Circuit Judges, and SELNA,** District Judge.

## MEMORANDUM ***

James Lenwood Stevenson appeals the district court's denial of his petition for habeas corpus relief, contending that there was insufficient evidence to support his conviction for kidnapping for the purpose of robbery in violation of California Penal Code § 209. We affirm.

Stevenson's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214. We will grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The Supreme Court has held that in reviewing a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, we review the decision of the California Court of Appeal upholding Stevenson's conviction to determine whether it was an unreasonable application of *Jackson. See Juan H. v. Allen,* 408 F.3d 1262, 1275 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1145, 163 L.Ed.2d 1000 (2006).

Stevenson argues that the movement does not meet the requirements of § 209, as it was "merely incidental to the commission of" the underlying robbery because

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the short distance the victim was forced to walk did not result in any change of environment, and because it did not "increase[ ] the risk of harm to the victim over and above that necessarily present in" the robbery. *See* Cal.Penal Code § 209(b)(2); *see also People v. Daniels,* 71 Cal.2d 1119, 1139, 80 Cal.Rptr. 897, 459 P.2d 225 (1969). We disagree.

In determining whether a movement is merely incidental to the underlying robbery under § 209, California courts examine the " 'scope and nature' " of the movement. *People v. Rayford,* 9 Cal.4th 1, 12, 36 Cal.Rptr.2d 317, 884 P.2d 1369 (1994) (quoting *Daniels,* 71 Cal.2d at 1131 n. 5, 80 Cal.Rptr. 897, 459 P.2d 225). In doing so, courts must consider "the context of the environment in which the movement occurred." *Id.* Here, Stevenson moved the victim from a remote, poorly lit area where there was no one else present to an area that was more brightly lit and where there was a police car. Stevenson did not merely "move his victim around inside the premises in which he [found] him." *Daniels,* 71 Cal.2d at 1140, 80 Cal.Rptr. 897, 459 P.2d 225. To the contrary, the movement of Nguyen from the area by his car to the intersection was "excess [and] gratuitous movement" that was "over and above that necessary to obtain the money" in his victim's wallet. Indeed, the robbery was already complete before Stevenson moved his victim; the underlying robbery thus did not inherently "include[ ] the risk of movement of the victim" and cannot be characterized as incidental to the underlying offense. *People v. Washington,* 127 Cal.App.4th 290, 299–300, 25 Cal.Rptr.3d 459 (Cal.Ct.App.2005).

Moreover, the state court properly determined that the movement increased the risk of harm to the victim. Under California law, courts should consider "the danger inherent in a victim's foreseeable attempts to escape" in evaluating an increased risk of danger. *Rayford,* 9 Cal.4th at 13, 36 Cal.Rptr.2d 317, 884 P.2d 1369. There was a foreseeable possibility that the victim would attempt to escape, resulting in his being struck by an oncoming car or shot by his attackers. The victim testified at trial that as he was moved toward the intersection, with the expectation that his attackers were heading toward his apartment, where his parents were, he became increasingly scared because of his concern for what might happen to his family. He testified that when he reached the intersection, his attention was on the police car, and he aimed to attract the attention of the officers. In light of his fear for his family's safety and his focus on catching the attention of the police car, the state court properly concluded that the movement created a possibility that the victim would attempt to escape, a possibility that carried with it a risk of dangers that had not been present at the point of Stevenson's initial contact with his victim. "The fact that these dangers [did] not in fact materialize does not, of course, mean that the risk of harm was not increased." *Id.* at 14, 36 Cal.Rptr.2d 317, 884 P.2d 1369.

Accordingly, viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781. The state court's decision upholding Stevenson's conviction was neither contrary to, nor an unreasonable application of *Jackson.*

AFFIRMED.